IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BILLY L. SPRUELL,
   Plaintiff,
     v.

GEORGE R. HARPER, et al.,
   Defendants.

CIVIL ACTION FILE
NO. 1:09-CV-356-TWT

ORDER

This is a civil rights action arising out of the arrest of a lawyer by two state troopers. It is before the Court on the Defendants' Motion for Partial Dismissal [Doc. 2], Motion to Stay Proceedings [Doc. 3], and Motion for Partial Dismissal of Amended Complaint [Doc. 7]. For the reasons set forth below, the Defendants' motions are DENIED.

I. Background

On February 13, 2007, the Plaintiff Billy Spruell was using his cell phone in the Office of State Administrative Hearings. He was there to represent a client in an administrative hearing. Spruell says the Defendant George Harper yelled at him and said he could not use his cell phone there. Harper is a Georgia State Patrol officer and was working off duty as a security guard for the Georgia Office of State

Administrative Hearings. Harper told Spruell he had to go to an outside hallway if he wanted to use his cell phone. Spruell tried to ask why, but he says he nonetheless complied with Harper's instructions. Spruell left the waiting area and walked toward an outside hallway. But Spruell says, as he entered the hallway, Harper immediately and without warning or provocation "took him down, [in such a] violent manner as to cause serious physical injuries." (Am. Compl. ¶ 8.) Spruell says Stacey Forrest also participated in the take-down. Forrest is a Georgia State Patrol officer and was at the Georgia Office of State Administrative Hearings as an official witness. After the take-down, Harper and Forrest arrested Spruell for obstructing law enforcement officers. See O.C.G.A. § 16-10-24. Later that day, Harper applied for and obtained an arrest warrant against Spruell. In his affidavit supporting the warrant, Harper stated that when he tried to arrest Spruell, "[Spruell] physically resisted and was taken to the ground by [Harper] and another trooper." (Am. Compl. ¶ 31.) Spruell says Harper knew that statement was false but made it anyway. The Defendants' version of the incident is very different.

Spruell felt he had done nothing wrong and that Harper and Forrest violated his civil rights. On February 10, 2009, Spruell filed this action against Harper and Forrest in their personal capacities. In his original Complaint, the Plaintiff asserted a section 1983 claim for excessive force and state law claims for battery and violent battery.

42 U.S.C. § 1983; O.C.G.A. §§ 51-1-13, 51-1-14. On April 1, 2009, the Fulton County District Attorney's Office sent Spruell's attorney a letter stating:

> We have exhaustively investigated [the] allegations and our findings indicate that there is insufficient evidence to support a criminal prosecution against your client, Mr. Spruell or any other party involved. Since there is no evidence to support any criminal allegations beyond a reasonable doubt, the case will be closed and not presented to the Fulton County Grand Jury.

(Pl.'s Resp. to Defs.' Mot. to Stay Proceedings, Ex. 1); (see also Am. Compl. ¶ 12.) On April 3, 2009, the Defendants moved for dismissal of the state law claims and moved to stay these proceedings "pending disposal of the state criminal charge." On April 13, 2009, the Plaintiff filed an Amended Complaint. In his Amended Complaint, the Plaintiff re-asserted his original claims and added new section 1983 claims for illegal search and seizure, false statements in an arrest affidavit, and state law claims for false arrest and malicious prosecution. O.C.G.A. §§ 51-7-1, 51-7-40. On April 30, 2009, the Defendants again moved for dismissal of the state law claims and also for dismissal of the section 1983 claim for false statements in an arrest affidavit. The Defendants' motions for partial dismissal and motion to stay proceedings are now before the Court.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts. Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1965-66 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Twombly, 127 S. Ct. at 1964).

III. Discussion

A. Statute of Limitations

The Defendants say the statute of limitations bars the Plaintiff's section 1983 claim for false statements in an arrest affidavit. Section 1983 claims "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the [action] has been brought." McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008). Georgia law provides that the statute of limitations period for personal injury actions is two years. O.C.G.A. § 9-3-33. The accrual date for section 1983 claims, however, "is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007) (emphasis omitted). Federal law provides that claims for malicious prosecution accrue when "the prosecution terminates in the [plaintiff's] favor." Burgest v. McAfee, 264 Fed. Appx. 850, 852 (11th Cir. 2008) (unpublished); see also Whiting v. Traylor, 85 F.3d 581, 585-86 (11th Cir. 1996).

The Plaintiff's section 1983 claim for false statements in an arrest affidavit was filed within two years after the claim accrued. Although Harper allegedly made false statements in an arrest affidavit on February 13, 2007, the Fulton County District Attorney's Office did not terminate the prosecution in the Plaintiff's favor until April 1, 2009. The Plaintiff's claim, therefore, accrued on April 1, 2009. The Plaintiff filed

his Amended Complaint on April 13, 2009, which is well within two years after his claim accrued.

It is true that, in his briefs, the Plaintiff describes this claim as a claim for false arrest. A claim for false arrest accrues when the false arrest ends and does not depend on favorable termination. See Wallace, 549 U.S. at 389. But the substance of the Plaintiff's claim is what matters, not how he labels it. See Calero-Colon v. Betancourt-Lebron, 68 F.3d 1, 5 (1st Cir. 1995) (Lynch, J., concurring). The substance of the Plaintiff's claim is a claim for malicious prosecution:

> The critical inquiry that distinguishes malicious prosecution from false arrest . . . is whether the [arrest was] made pursuant to a warrant. As a general rule, an unlawful arrest pursuant to a warrant will be more closely analogous to the common law tort of malicious prosecution. An arrest warrant constitutes legal process, and it is the tort of malicious prosecution that permits damages for confinement pursuant to legal process. On the other hand, [a] wrongful warrantless arrest[] typically resemble[s] the tort of false arrest.

Id., 68 F.3d at 4 (citations omitted); see also Whiting, 85 F.3d at 581 (adopting the reasoning of Calero-Colon). Because the Plaintiff's claim is really a claim for malicious prosecution, the Defendants' arguments about Wallace are not relevant to this case. Therefore, the Defendants are not entitled to dismissal of the Plaintiff's section 1983 claim for false statements in an arrest affidavit.

    B.    <u>Official Immunity</u>

The Defendants say they have immunity against all of the Plaintiff's state law claims. The Georgia Tort Claims Act provides that it "constitutes the exclusive remedy for any tort committed by a state officer or employee. A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor." O.C.G.A. § 50-21-25. "Merely styling a suit against a public officer as one brought against him personally does not deprive him of any immunity to which he might otherwise be entitled for his official acts." McDay v. Atlanta, 204 Ga. App. 621, 622 (1992).

The Plaintiff agrees the Defendants have official immunity if they acted within the scope of their official duties or employment. In one part of his Amended Complaint, the Plaintiff even says the "Defendants were acting in the scope of their employment with the Office of State Administrative Hearings and the Georgia Department of Public Safety." (Id. ¶ 17.) But the Plaintiff has pled his state law claims in an alternative or hypothetical manner. He says if the Defendants acted within the scope of their official duties or employment and under color of state law, then his section 1983 claims are viable. He says if they did not, then his state law claims are viable. This type of pleading is permitted by the Federal Rules of Civil Procedure. "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.

If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2). The Plaintiff, therefore, can maintain his state law claims at this stage of the proceedings, even though his allegations about whether the Defendants acted within the scope of their official duties or employment are inconsistent. See Molsbergen v. United States, 757 F.2d 1016, 1019 (9th Cir. 1985) ("In light of the liberal pleading policy embodied in [Rule 8], we hold that a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case . . . .").

The Defendants say the Court should look beyond the pleadings and consider their affidavit from a Georgia Department of Public Safety official, who has stated that the Defendants acted within their scope of official duties or employment. But, on a motion to dismiss, the Court will not consider matters outside of the pleadings to determine the sufficiency of the Amended Complaint. In response, the Defendants say sovereign immunity affects subject matter jurisdiction and, when there is a factual attack on subject matter jurisdiction, a court should consider "matters outside the pleadings, such as testimony and affidavits." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). But this case does not involve sovereign immunity. It involves official immunity. "[S]uits against public employees in their personal capacities involve official immunity, [while] suits . . . against the state . . . involve sovereign

immunity." Donaldson v. Department of Transp., 262 Ga. 49, 56 (1992). Official immunity does not affect subject matter jurisdiction. It is a defense to personal liability that a public employee must affirmatively assert. Cf. Skrtich v. Thornton, 280 F.3d 1295, 1306 (11th Cir. 2002) (discussing similar concept of qualified immunity). Therefore, the Defendants are not entitled to dismissal of the Plaintiff's state law claims.

C. Stay of Proceedings

The Defendants have moved to stay these proceedings "pending disposal of the state criminal charge" against the Plaintiff. But, in their briefs, the Defendants actually ask for more than just a stay of proceedings. They say the Court should dismiss the Plaintiff's section 1983 claims because of the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), and if the Court chooses not to dismiss, then they say the Court should stay these proceedings.

The Plaintiff's section 1983 claims should not be dismissed because of Heck. In Heck, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a

conviction or sentence that has not been so invalidated is not cognizable under [section] 1983.

Heck, 512 U.S. at 486-87. But, in Wallace, "the Supreme Court overruled all the precedents in the circuits applying Heck to [dismiss] section 1983 claims filed by persons with criminal charges pending in state court." Kucharski v. Leveille, 526 F. Supp. 2d 768, 774 (E.D. Mich. 2007). "Heck [now] only applies if the plaintiff has actually been convicted." Id. The Plaintiff has not, and so the Defendants are not entitled to dismissal of the Plaintiff's section 1983 claims based on Heck.

The Plaintiff should also be able to proceed with his section 1983 claims. In Wallace, the Supreme Court noted that, while Heck does not apply to claims filed before a conviction, "it is within the power of the district court . . . to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace, 549 U.S. at 393-94. But, on April 1, 2009, the Fulton County District Attorney's Office sent the Plaintiff's attorney a letter stating that "the case will be closed and not presented to the Fulton County Grand Jury." (Pl.'s Resp. to Defs.' Mot. to Stay Proceedings, Ex. 1.) This letter shows that "the likelihood of a criminal case" against the Plaintiff has ended. In response, the Defendants say, even if the District Attorney has closed its case, the Fulton County Solicitor General could still pursue separate misdemeanor charges against the Plaintiff. But that likelihood has also ended because it appears that the statute of limitations now bars misdemeanor charges against the

Plaintiff. See O.C.G.A. § 17-3-1(d) ("Prosecutions for misdemeanors must be commenced within two years after the commission of the crime."). Therefore, the Defendants are not entitled to a stay of proceedings.

IV. Conclusion

For the reasons set forth above, the Defendants' Motion for Partial Dismissal [Doc. 2], Motion to Stay Proceedings [Doc. 3], and Motion for Partial Dismissal of Amended Complaint [Doc. 7] are DENIED.

SO ORDERED, this 18 day of November, 2009.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge